UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AHMED ALHAJ,

  Petitioner,

  v.

BRIAN ENGLISH,

  Respondent.

CAUSE NO. 3:26cv265 DRL-SJF

## OPINION AND ORDER

Immigration detainee Ahmed Alhaj, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. The Warden answered the petition. Mr. Alhaj did not file a reply, and the time to do so has passed. The petition is ready to be decided.

Mr. Alhaj is a native of Egypt and a citizen of Sudan who entered the United States as a refugee in 2000. In 2006, he became a lawful permanent resident. After several criminal convictions, including a 2023 drug conviction, a 2023 conviction for a fraudulent insurance claim, a 2015 forgery conviction, and others, Mr. Alhaj was taken into custody by United States Immigration and Customs Enforcement (ICE) in 2023 and issued a notice to appear, charging him with being removable under 8 U.S.C. § 1227(a)(2)(B)(i) for a drug conviction and under 8 U.S.C. § 1227(a)(2)(A)(ii) for being convicted of two crimes involving moral turpitude [7-1].

On January 13, 2025, an immigration judge ordered Mr. Alhaj removed from the United States. He appealed to the Board of Immigration Appeals (BIA), which dismissed his appeal on October 31, 2025 [7-2].

Mr. Alhaj filed this habeas petition in February 2026, arguing his detention was unlawful because his removal is not reasonably foreseeable. He argued he could not be removed to Sudan because it is an active combat territory and there is no Sudanese embassy to issue travel documents.

In answering the petition, the Warden (through federal counsel) argues Mr. Alhaj's petition must be denied because it was filed within the period the Supreme Court found to be presumptively reasonable to carry out a removal order, so his detention is lawful. Specifically, the Warden argues that Mr. Alhaj entered the 90-day removal period on October 31, 2025, when the BIA dismissed his appeal, and he had been detained for only four months when he filed this petition in February 2026, still within the presumptively reasonable 6-month period of detention.

Before reaching the merits, the court must address jurisdiction. The Warden first argues that this court lacks subject matter jurisdiction to consider the petition based on 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For reasons given before, jurisdiction is secure. *See Liang v. English*, No. 3:25cv1052, 2026 WL 835853, 2-3 (N.D. Ind. Mar. 26, 2026); *see also Clark v. Suarez Martinez*, 543 U.S. 371, 378 (2005); *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Vu v. English*, No. 3:25cv999, 2026 WL 194171, 2-3 (N.D. Ind. Jan. 26, 2026) (discussing

§ 1252(b)(9) and § 1252(g)); *Kem v. Noem*, No. 3:25cv997, 2026 WL 100566, 1-2 (N.D. Ind. Jan. 14, 2026) (discussing § 1252(g)).

Looking at the merits of the petition, the court follows the analysis set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). By statute, noncitizens who are subject to a final order of removal must be detained for a period of 90 days, during a "removal period." 8 U.S.C. §§ 1231(a)(1), (a)(2). This removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration confinement. 8 U.S.C. § 1231(a)(1)(B). Mr. Alhaj's removal period began on October 31, 2025, when the BIA dismissed his appeal.[1] *See* 8 U.S.C. § 1101(a)(47)(B)(i). It ended on January 29, 2026.

Beyond this 90-day period, certain classes of noncitizens may be detained even longer—what the statute calls inadmissible aliens (under 8 U.S.C. § 1182), those who have violated their nonimmigrant status conditions (under 8 U.S.C. § 1227(a)(1)(C)), those who have committed certain crimes, such as aggravated felonies, drug trafficking, or illegal firearm offenses (under 8 U.S.C. § 1227(a)(2)), those removable for national security or foreign relations reasons (under 8 U.S.C. § 1227(a)(4)), and those whom the Attorney General determines to be a risk to the community or unlikely to comply with the order of removal. These noncitizens "may be detained beyond the removal period" or released on

---

[1] The court notes that Mr. Alhaj filed a petition for review with the Third Circuit. *See Alhaj v. Attorney General*, No. 25-3356 (3d Cir. docketed Dec. 1, 2025). However, he did not seek a stay of removal, so that pending case does not affect the beginning of the removal period.

conditions of supervision. 8 U.S.C. § 1231(a)(6).[2] Mr. Alhaj was ordered removed based on charges under 8 U.S.C. § 1227(a)(2). Thus, his continued detention is permissible based on those criminal convictions.

"The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law," and "once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. To avoid a constitutional due process problem with § 1231(a)(6), including for a noncitizen who remains in the country after being ordered removed, the law requires that his detention be limited to a reasonable time—namely "a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689; *see also id.* at 682, 690-91.

The law materially defers this difficult judgment to the Executive Branch for a total six-month period, as detention then is considered presumptively reasonable to execute a removal order. *Id.* at 700-01. After this six-month period, if the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701 (cleaned up); *see also Suarez Martinez*, 543 U.S. at 385-86.

The presumptively reasonable period of detention ended for Mr. Alhaj on April 30, 2026—after he filed this petition but while the petition was being briefed. The court

---

[2] For noncitizens who don't fall in these categories, if they are not removed during the 90-day removal period, they must be released, subject to conditions of supervision. 8 U.S.C. § 1231(a)(3).

acknowledges that the Supreme Court called it a "presumptively reasonable" period, suggesting that the reasonableness may be rebutted, so the petition need not be dismissed out of hand. However, even if the presumption may be rebutted, it is a heavy burden that Mr. Alhaj has not met. And even considering whether the passage of the six-month period, with a lesser burden, makes a difference here, the answer is no.

Mr. Alhaj discussed the situation in Sudan, where he is a citizen. He did not address the likelihood of his removal to Egypt, where he is a native. He chose not to file a reply to provide an update to the court on the status of his removal proceedings or respond to the government's arguments in support of his detention. Nor did Mr. Alhaj provide any information about the 90-day or 180-day custody reviews that are required under the regulations. *See* 8 C.F.R. §§ 241.4(h), (k).[3] Such information is within his personal knowledge and could bear on the question of whether removal is reasonably foreseeable. On this record, Mr. Alhaj has not met his initial burden to show good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. And his criminal convictions—their nature and their frequency and the recidivism risk they portend—make detention all the more reasonable. *See Zadvydas*, 533 U.S. at 700.

For these reasons, the court DENIES the petition (ECF 1) and DIRECTS the clerk to close this case.

SO ORDERED.

June 17, 2026                                    *s/ Damon R. Leichty*
                                                 Judge, United States District Court

---

[3] Nor does he say whether he has requested release under the procedures in 8 C.F.R. § 241.13(d) in exhausting any remedy.